IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60507
Summary Calendar

_____


CARLTON WESLEY DUNCAN, Amy Duncan,
a minor; Lindy Duncan, a minor;
Estate of Anthony Wesley Duncan, Deceased,

                                        Plaintiff-Appellant,

                        versus

JOHN CLARK LOVE, Individually and as
Chancellor Neshoba County Mississippi;
DAVIS MOORE, Individually and as County
Attorney and Youth Court Prosecutor for
Neshoba County, Mississippi; PAM McCAAN,
Individually and in her capacity as a
case worker for the Neshoba County
Department of Human Services;
ED WILLIAMSON, Individually and as
Guardian Ad Litem, Neshoba County Youth
Court; FRED STRICKLAND, Individually and
as Guardian Ad Litem, Neshoba County
Youth Court; EDWARD PRISOCK, Individually
and as Chancellor Neshoba County,
Mississippi and Acting in his capacity as
Youth Court Judge, Neshoba County,
Mississippi; JAMES MARS; KIM GAMBLIN MARS,
Individually and in her capacity as
Mental Health Therapist, Weems Community
Mental Health Center; LYNN KATHERINE
HORTON HENLEY; ALAN HENLEY; ALL DEFENDANTS,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
(4:94-CV-118-LN)

_____

July 1, 1997

Before KING, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Carlton Wesley Duncan appeals the district court's decision granting the defendants' motion to dismiss for failure to state a claim upon which relief can be granted. We dismiss the appeal for lack of jurisdiction.

Duncan filed suit under 42 U.S.C. § 1983 and § 1985, naming himself and his children as plaintiffs, claiming that the defendants had committed a variety of constitutional violations during the course of their involvement in a family controversy involving the alleged abuse of the Duncan children. The district court dismissed the suit with respect to several defendants on the grounds that they were not state actors, and with respect to the other defendants on the grounds that the complaint failed to state a valid federal constitutional claim.

Duncan's appeal challenges the district court's decision only with respect to (1) his son's claim of unconstitutional denial of access to the courts, and (2) his daughters' claims of denial of the right to privacy. Duncan does not appeal the district court's dismissal of any claim of his own against the various defendants.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In <u>Susan R.M. v. Northeast Independent School Dist.</u>, 818 F.2d 455, 458 (5th Cir. 1987) we held that "[n]othing in the federal rules . . . authorizes the parent of a child for whom a legal representative has been appointed to file an action without obtaining court authority to do so."  It is similarly true that such a parent lacks the authority to appeal an otherwise represented child's claim.

After Duncan filed his initial complaint, the district court properly appointed a guardian *ad litem* to represent the interests of Duncan's minor daughters, pursuant to Fed. R. Civ. P. 17(c).  It is the guardian *ad litem*, and not Duncan, who is authorized to appeal the daughters' claims.  Although the guardian *ad litem* filed a brief in opposition to the motion to dismiss, the guardian *ad litem* did not join Duncan's appeal.  Additionally, there is no indication in the record that Duncan, a non-custodial parent, is the legal representative of his son's estate.

Accordingly, we conclude that Duncan does not have standing to appeal the dismissal of his children's claims.  This court therefore lacks jurisdiction to hear the appeal.  <u>Nevares v. San Marcos Consolidated Indep. Sch. Dist.</u>, 111 F.3d 25, 26 (5th Cir. 1997) ("Federal courts have no jurisdiction under Article III, § 2, of the Constitution unless a case or controversy is presented by a party with standing to litigate").  Because Duncan lacks the

standing necessary to invoke the jurisdiction of this court, we DISMISS his appeal.

APPEAL DISMISSED.